## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| OSMAN JAVIER GARCIA and ELIA MERCEDEZ MARTINEZ, | § § § § | |
| Appellants, | § § | |
| v. | § § § | Civil Action No. 4:13-cv-958-O |
| PAMELA A. BASSEL, Standing Chapter 13 Trustee, | § § § | |
| Appellee. | § § § | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, denying Appellants' proposed modification of their Chapter 13 plan. Before the Court are the briefs of Osman Javier Garcia and Elia Mercedez Martinez (collectively, "Appellants") and Standing Chapter 13 Trustee Pamela A. Bassell ("Appellee"). Having reviewed the parties' briefs, the record in this case, and the applicable law, the Court finds that the Bankruptcy Court's holdings should be and are hereby **AFFIRMED**.

## I.

Appellants filed a Chapter 13 voluntary petition on February 28, 2011. R. vol. 2 (Pet.), at 72, ECF No. 1-2. Appellants claimed their homestead as exempt under Texas law. *Id.* (Schedule C), at 94. There was no objection to Appellants' homestead exemption, and their Chapter 13 plan was confirmed on July 13, 2011. *Id.* (Order Confirmation) at 135-38. Thereafter, Appellants filed an application to sell their homestead, which was granted on November 5, 2013. *Id.* (Appl.), at 152-156; *id.* (Order), at 174-75. After Appellants sold their homestead, they sought to modify their Chapter

13 plan. *Id.* (Modification), at 185-88. Appellants' modification would allow Appellants to retain the proceeds from the sale of their homestead. The Appellee objected to Appellants' modification contending it was not proposed in good faith under 11 U.S.C. § 1325(a)(3), and that it did not meet the "best interest of the creditors test" under 11 U.S.C. § 1325(a)(4) because the plan did not provide for the distribution of the homestead proceeds to Appellants' unsecured creditors. *Id.* (Trustee's Am. Objection), at 191.

Ultimately, the Bankruptcy Court denied the modification concluding that the homestead proceeds lost their exempt status when the Appellants failed to reinvest the proceeds in a new homestead within six months. *See In re Garcia*, 499 B.R. 506, 510-14 (Bankr. N.D. Tex. 2013)[1]. Accordingly, under the § 1325(a)(4) hypothetical liquidation test, the proceeds should be distributed to Appellants' unsecured creditors. Because the modification did not provide for such a distribution, the Bankruptcy Court concluded that the proposed modification failed to satisfy § 1325(a)(4).

Appellants now appeal the Bankruptcy Court's denial of their modification. *See id.* (Notice of Appeal), 37-38. The central issues on appeal are: (1) whether the proceeds from the sale of Appellants' homestead were non-exempt, and thereby subject to distribution to Appellants' creditors, when the six-month exemption period set forth in Texas Property Code § 41.001(c) expired; and (2) whether the doctrine of res judicata prevented Appellee from objecting to Appellants' retention of the proceeds after six months when Appellee failed to object to Appellants' motion to sell their homestead. *See generally* Appellant's Br. 5-13, ECF No. 4.

Appellants filed their brief on January 16, 2014, and Appellee filed her brief in response on February 11, 2014 (ECF Nos. 4 & 7). Appellants did not file a reply brief. The Court also ordered

---

[1] The Bankruptcy Court's Order can also be found in volume 1 of the record at pages 3-18.

the parties to file supplemental briefs addressing the recent Fifth Circuit case, *In re Frost*, ___F.3d___, 2014 WL 866393 (5th Cir. Mar. 5, 2014), which the parties did on March 21, 2014 (ECF Nos. 10 & 11). Accordingly, this matter has been fully briefed and is ripe for determination. The Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) and reviews the Bankruptcy Court's factual findings for clear error and its conclusions of law and mixed questions of fact and law de novo. *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001) (citing *Randall & Blake, Inc. v. Evans (Matter of Canion)*, 196 F.3d 579, 584 (5th Cir. 1999)).

## II.

This appeal turns on the intersect between the Bankruptcy Code and the Texas exemption scheme. Accordingly, a brief summary of the applicable law follows.

Chapter 13 of the Bankruptcy Code allows individuals with regular income to adjust their debts by making payments to both secured and unsecured creditors over an extended period of time pursuant to a payment plan. *See* 8 Collier on Bankruptcy ¶ 1300.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In a Chapter 13 proceeding, a trustee is appointed who, among other duties, collects payments from the debtor to disburse to the creditors. *See* 11 U.S.C. § 1302; *In re Maddox*, 15 F.3d 1347, 1355 (5th Cir. 1994). Only the debtor may file the payment plan with the bankruptcy court, and the plan is capped at three or five years. *See* 11 U.S.C. § 1321; *id.* § 1322(d). After conducting a hearing, the bankruptcy court must confirm the plan if it meets all the criteria of § 1325(a), except as provided in § 1325(b). *See* 11 U.S.C. § 1325; 8 Collier on Bankruptcy ¶ 1325.01.

After confirmation, and at any time before the completion of the plan, the debtor may ask the bankruptcy court to modify the plan. 11 U.S.C. § 1329. If, after notice and hearing, the bankruptcy

3

court determines that the modification complies with Chapter 13, the modified plan controls. *See id.*; 8 Collier on Bankruptcy ¶ 1329.02. If the modification does not comply with § 1325, the bankruptcy court may deny the modification. *See* 11 U.S.C. § 1329(b)(1). The § 1325(a) requirement at issue in this case is the best interest of the creditors test. *See* 11 U.S.C. § 1325(a)(4). This section protects creditors with allowed unsecured claims by requiring the plan to distribute property in an amount not less than the amount that would be distributed if the debtor's estate was liquidated under Chapter 7.[2] *See* 11 U.S.C. § 1325(a)(4); 8 Collier on Bankruptcy ¶ 1325.05. In short, creditors with allowed unsecured claims may be no worse off under Chapter 13 than they would be under Chapter 7.

Although this appeal arises from a Chapter 13 proceeding, § 1325(a)(4) requires the Court to look to Chapter 7 in determining whether the Chapter 13 plan or modification adequately provides for the unsecured creditors. The commencement of a bankruptcy proceeding—regardless of the Chapter—creates an estate that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). In Chapter 7, the debtor's non-exempt assets—property of the estate under § 541(a)—are liquidated and distributed to the creditors. *See* 6 Collier on Bankruptcy ¶ 700.01. Thus, if an asset is exempt, it is not subject to the hypothetical liquidation test of § 1325(a)(4).

Under § 522 of the Bankruptcy Code, unless a state has opted out of the federal exemptions, a debtor may chose between the exemptions of its state or those set forth in § 522(d).[3] Appellants

---

[2] Section 1325(a)(4) reads in full: "[T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4).

[3] Texas has not opted out; thus, debtors who are Texas residents may elect either the federal exemptions or the Texas exemptions. *In re Brown*, 299 B.R. 425, 427 (Bankr. N.D. Tex. 2003) (citing *In re*

elected the Texas exemptions.  R. vol. 2 (Schedule C), at 94, ECF No. 1-2. A debtor may not pick and choose among state and federal exemptions; rather, the debtor must elect either the federal or the state exemption scheme in its entirety. *See In re Bradley*, 960 F.2d 502, 506 n.2 (5th Cir. 1992) (citing *In re Dyke*, 943 F.2d 1435, 1438 (5th Cir. 1991)).

The relevant Texas exemptions are found in Chapters 41 and 42 of the Texas Property Code. Both Chapter 41 and the Texas constitution address the homestead exemption. Tex. Prop. Code Ann. §§ 41.001-.024; Tex. Const. art. XVI, § 50. In Texas, unlike the federal scheme, the homestead itself is exempt, with no limit on the debtor's equity interest. *Compare* Tex. Prop. Code Ann. § 41.001(a) ("A homestead and one or more lots used for a place of burial of the dead are exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property."), *with* § 11 U.S.C. 522(d)(1) (exempting "[t]he debtor's aggregate interest, not to exceed $22,9751 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence"). Additionally, the proceeds from the sale of the homestead are exempt for six months after the sale. Tex. Prop. Code Ann. § 41.001(c) ("The homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale."). Thus, the proceeds exemption is a disappearing exemption of a fixed duration. Once the six months expire, debtors must rely on a different exemption to protect any proceeds from the sale of their homestead from their creditors.[4]

---

*Kang*, 243 B.R. 666, 668 (Bankr. N.D. Tex. 1999); *In re Volpe*, 943 F.2d 1451, 1452 (5th Cir. 1991)).

[4] The United States Court of Appeals for the Fifth Circuit and Texas intermediate courts disagree on whether § 41.001(c) requires the debtor to reinvest the proceeds in a new homestead to retain exempt status. *Compare London v. London*, 342 S.W.3d 768, 775 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The text of [§ 41.001(c)], however, does not contain language limiting the exemption to those instances in which the homestead claimant plans to buy another home." (citing *Hardeman v. Judge*, 931 S.W.2d 716,

## III.

Appellants contend the Bankruptcy Court erred in denying their proposed plan modification for failing to meet the § 1325(a)(4) best interest of the creditors test. The Bankruptcy Court concluded that the modification would distribute property in an amount less than what would be distributed if the Appellants' estate was liquidated under Chapter 7 because the homestead proceeds had lost their exempt status and, therefore, would be distributed under a hypothetical liquidation. Because Appellants' modification would allow Appellants to retain the proceeds, it failed to satisfy § 1325(a)(4). Thus, the central issue on appeal is whether Appellants' homestead proceeds lost their exempt status because Appellants did not reinvest the proceeds in a new homestead within six months.[5] Within this issue, Appellants raise two arguments: (1) exemptions are determined solely by the facts that existed on the date of the petition and (2) exemptions are not re-evaluated when a Chapter 13 plan is modified. *See generally* Appellants' Br. 5-12, ECF No. 4. Both arguments are

---

719 (Tex. App.—Fort Worth 1996, writ denied)), *with In Re England*, 975 F.2d 1168, 1174-75 (5th Cir. 1992) ("The object of the proceeds exemption statute was solely to allow the claimant to invest the proceeds in another homestead, not to protect the proceeds, in and of themselves." (citing *Gaddy v. First Nat'l Bank*, 283 S.W. 277, 280 (Tex. Civ. App.—Beaumont 1926); *Taylor v. Mosty Bros. Nursery, Inc.*, 777 S.W.2d 568, 570 (Tex. App.—San Antonio 1989)). The Texas Supreme Court has not decided this issue and, unlike the Texas intermediate courts, this Court is bound by the Fifth Circuit's interpretation. *Cf. London*, 342 S.W.3d at 774 (distinguishing Fifth Circuit cases based on precedential effect).

The Bankruptcy Court aptly addressed one issue raised by this distinction—"if the debtors have used some or all of the proceeds, the question arises as to whether the debtors must propose a plan modification that includes all proceeds or just those available on the date of the plan modification." *In re Garcia*, 499 B.R. 506, 509 n.2 (N.D. Tex. 2013) (citing *In re Zibman*, 268 F.3d 298, 305 (5th Cir.2001); *Hill v. Jones (In re Jones)*, 327 B.R. 297, 302 (Bankr. S.D. Tex. 2005); *Lowe v. Yochem (In re Reed)*, 184 B.R. 733, 738 (Bankr. W.D. Tex.1995); *London*, 342 S.W.3d at 774.) This issue was presented in *In re Frost*, ___F.3d___, 2014 WL 866393, at *1 (5th Cir. 2014), which is discussed more fully *infra* note 4. Here, Appellants have not presented any evidence regarding their use of the proceeds, so this issue is not before the Court.

[5] If the proceeds remained exempt, they would not be subject to the hypothetical liquidation test. *See* discussion *supra* p. 4.

foreclosed by a recent decision of the United States Court of Appeals for the Fifth Circuit.

In *In re Frost*, the Fifth Circuit held that if a Chapter 13 debtor sells his homestead before or after confirmation of the plan and does not reinvest the proceeds in a new homestead within six months, the proceeds lose their exemption and become subject to the § 1325(a)(4) best interest of the creditors test. *In re Frost*, ___F.3d___, 2014 WL 866393, at *2-5 (5th Cir. 2014).The facts of *Frost* mirror those reflected in the instant appeal. In *Frost*, the debtor petitioned for relief under Chapter 13 and exempted his homestead under Texas Property Code § 41.001(a). *Id.* at *1. Thereafter, the debtor sold his homestead and did not reinvest the proceeds in a new homestead within six months. *Id.* Accordingly, the bankruptcy court determined that the proceeds were "recharacterized" as non-exempt property to be distributed to the debtor's creditors.[6] *Id.* The district court and the Fifth Circuit affirmed the bankruptcy court. Thus, in light of *Frost*, a Chapter 13 debtor cannot sell his homestead and retain the proceeds thereof for a period longer than six months, absent the reinvestment of the proceeds in a new homestead; instead, the proceeds must be subject to distribution to the debtor's creditors under the plan.

Here, Appellants claimed an exemption in their homestead under Texas Property Code § 41.001(a) when they petitioned for relief under Chapter 13. Thereafter, Appellants sold their

---

[6] The bankruptcy court in *Frost* approved the sale subject to the proceeds being deposited with the trustee until further determination of the estate's and debtor's rights to the proceeds. *See* Interim Order, *In re Frost*, No. 09-54674 (Bankr. W.D. Tex. Mar. 26, 2010), ECF No. 23. The net proceeds of the sale were $81,108.67, and the bankruptcy court allowed $40,000 to be disbursed to the debtor. *See* Final Order, *In re Frost*, No. 09-54674 (Bankr. W.D. Tex. May 11, 2011), ECF No. 67. Later, the bankruptcy court concluded that the net proceeds would be exempt for six months and would remain exempt thereafter if reinvested in a homestead. *Id.* Simultaneously, the court determined that the debtor had already spent $23,000 of the $40,000 disbursed to him; therefore, it would be impossible for the debtor to reinvest this amount in a homestead within six months. *See id.* For this reason, the bankruptcy court declared that the $23,000 spent became property of the estate, which would be added to the debtor's plan base. *Id.* It is not clear what happened to the remaining proceeds.

homestead and did not reinvest the proceeds in a new homestead within six months. When those six months expired, so did the exemption in the proceeds. Appellants' proposed modification would allow the Appellants to retain the proceeds, rather than disburse the proceeds to Appellants' creditors. In the hypothetical Chapter 7 liquidation, Appellants' non-exempt assets—which would include the proceeds—would be distributed to Appellants' creditors. *See* discussion *supra* p. 4. Thus, Appellants' creditors would receive less under Appellants' proposed modification than they would in Chapter 7. For this reason, the Bankruptcy Court was within its authority to deny the modification. *See* 11 U.S.C. §§ 1329(b)(1), 1325(a)(4).

Alternatively, the Court notes another feature of the Bankruptcy Code, mentioned by the Bankruptcy Court and Appellee, that supports the result reached in this case. In Chapter 13, "property of the estate" is defined more broadly than Chapter 7. Specifically, property of the estate includes all property enumerated in 11 U.S.C. § 541 plus all property specified in § 541 "that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." 11 U.S.C. § 1306(a)(1). Thus, in a Chapter 13 case, any property that would enter the estate upon the filing of the petition under § 541 continues to enter the estate until the case is closed, dismissed, or converted.

Here, the proceeds from the sale of Appellants' homestead entered the estate through § 1306(a)(1), even though the proceeds constituted income from an exempt asset.[7] *See In re*

---

[7] The Bankruptcy Court noted that this approach squares with the interpretation of § 522 that exempt property is removed from the estate. *See In re Garcia*, 499 B.R. 506, 512 n.4 (N.D. Tex. 2013); *see also In re Luongo*, 259 F.3d 323, 338 n.1 (5th Cir. 2001) (Garza, J., dissenting) ("The exempt property leaves the estate and vests in the debtor." (citing *Owen v. Owen*, 500 U.S. 305, 308 (1991); *Bell v. Bell (In re Bell)*, 225 F.3d 203, 216 (2d Cir. 2000); *Mayer v. Nguyen (In re Nguyen)*, 211 F.3d 105, 107 & 109 (4th Cir. 2000); *In re Gamble*, 168 F.3d 442, 443 (11th Cir. 1999); *Traina v. Sewell (In re Sewell)*, 180 F.3d 707, 710 (5th Cir. 1999); *Wischan v. Adler*, 77 F.3d 875, 877 (5th Cir. 1996); *Seror v. Kahan (In re Kahan)*, 28 F.3d 79, 81 (9th

*Solomon*, 67 F.3d 1128, 1135 n.1 (4th Cir. 1995) (noting that Chapter 13 does not distinguish between income derived from exempt versus non-exempt assets (citing *In re Hagel*, 171 B.R. 686, 689 (Bankr. D. Mont. 1994); *In re Schnabel*, 153 B.R. 809, 818 (Bankr. N.D. Ill. 1993)); *see also In re D'Avilia*, 498 B.R. 150, 158 (Bankr. W.D. Tex. 2013) ("Most courts have held that Chapter 13 cases can be sharply distinguished from Chapter 7 cases in that funds received by a Chapter 13 debtor while the plan is in effect become 'disposable income' subject to distribution to the creditors of the estate—*even if* the funds are received from exempt sources." (citing *In re Andrade*, No. 10-10444, 2011 WL 1559241, at *2-3 (Bankr. D.R.I. Mar. 16, 2011); *In re Launza*, 337 B.R. 286, 288-92 (Bankr. N.D. Tex. 2005)). Thus, at the time the proceeds entered the estate, they were subject to the § 41.001(c)—rather than  § 41.001(a)—exemption.

This approach comports with an earlier case—*In re Zibman*, 268 F.3d 298 (5th Cir. 2001). In *Zibman*, the Chapter 7 debtors claimed a § 41.001(c) exemption in the proceeds from the pre-petition sale of their homestead. *Id.* at 300. The debtors did not reinvest the proceeds in a new homestead within six months, and the trustee objected to the exemption on this basis. *Id.* at 301. The Fifth Circuit explained that courts must apply the "entire Texas law that is applicable" and cannot

---

Cir. 1994); *Graziadei v. Graziadei (In re Graziadei)*, 32 F.3d 1408, 1410 n. 2 (9th Cir. 1994); *Abramowitz v. Palmer*, 999 F.2d 1274, 1276 (8th Cir. 1993); *In re Yonikus*, 996 F.2d 866, 870 (7th Cir. 1993); *Taylor v. Freeland & Kronz*, 938 F.2d 420, 422 (3d Cir. 1991); *Sherk v. Tex. Bankers Life & Loan Ins. Co. (In re Sherk)*, 918 F.2d 1170, 1174 (5th Cir.1990), *abrogated on other grounds by Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992); Norton Bankruptcy Law and Practice 2d § 51:2 (2000)). Thus, even if Appellants' homestead left the estate pursuant to § 41.001(a) and § 522, the proceeds reentered the state through § 1306(a)(1).

The Court notes, however, that this fix may be cursory at best because it does not address whether the proceeds would enter the estate immediately or only after the six months expire. The latter seems to be the only reasonable approach because the former suggests that the proceeds would enter the estate under § 1306(a)(1) and then leave the estate under § 522, with no answer as to how the proceeds would re-enter the estate after the six months of § 41.001(c) expire.

read-out the six month limitation in § 41.001(c). *Id.* at 303-04 ("In Texas, the 6-month limitation is inextricably intertwined with the exemption the state has chosen to provide for proceeds from the sale of the homestead."). Thus, when the debtors "failed to invest the proceeds from the sale of their . . . homestead in another Texas homestead within the allotted time, the exemption on these proceeds evanesced by operation of law." *Id.* at 305.

Appellants contend a pre-petition sale of the homestead should be distinguished from a post-petition sale. *See* Appellants' Br. ¶ 25, ECF No. 4; *see also* Appellants' Suppl. Br. 12-13, ECF No. 11 (stating pre-petition sale was distinguishing factor in *Zibman*). Approaching this issue under § 1306(a)(1), however, reconciles any distinction between pre- and post-petition sales. In both *Zibman* and the present case, when the proceeds entered the estate, they were exempted under § 41.001(c); thus, whether the proceeds enter the estate through § 541 (i.e., pre-petition sale) or § 1306(a)(1) (i.e., post-petition sale), the proceeds cannot escape the built-in limitation of § 41.001(c). Appellants must "take the fat with the lean." *Zibman*, 268 F.3d at 304.

Accordingly, the Court concludes that the Bankruptcy Court did not err in denying Appellants' plan modification for failing to satisfy the § 1325(a)(4) best interest of the creditors test. The proceeds from the sale of Appellants' homestead lost their exempt status because they were not reinvested in a new homestead within six months. Therefore, Appellants' modification did not comply with § 1325(a)(4) because it did not provide for a distribution of the proceeds to Appellants' creditors. For this reason, the decision of the Bankruptcy Court is affirmed.

## IV.

Appellants also contend Appellee was barred by res judicata from objecting to Appellants' retention of the proceeds beyond six months because Appellee did not object to Appellants' request

10

to sell the property.[8] *See generally* Appellants' Br. 12-13, ECF No. 4. For res judicata to apply, "the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1989) (quoting *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979)).

Here, the parties dispute the final element, "the same cause of action must be involved in both cases." *See* Appellants' Br. ¶ 32, ECF No. 4. The Bankruptcy Court granted Appellants' motion to sell their homestead, with both the motion and final order providing that all of the equity in the property would be distributed to Appellants. R. vol. 2 (App.), at 153, ECF No. 1-2; *id.* (Order), at 175 ("**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that the remaining proceeds of sale . . . be disbursed to the Debtor(s) as their exempt equity in the home."). The parties dispute the legal implication of the fact that the final order approving the sale did not reference the six-month limitation of § 41.001(c). Appellants contend that the absence of any such limitation in the final order indicates a clear intent that the Appellants would retain the proceeds indefinitely. Conversely, Appellee argues that, absent any indication otherwise, the general rule, § 41.001(c), applies.

The Bankruptcy Court agreed with Appellee citing *Republic Supply Co. v. Shoaf* for the proposition that any departure from the controlling law must be clearly noted in the order. *See In re Garcia*, 499 B.R. 506, 515-16 (Bankr. N.D. Tex. 2013) (citing *Rep. Supply Co. v. Shoaf*, 815 F.2d

---

[8] Initially, Appellants also challenged Appellee's failure to object to their claim of exemption in their homestead. Appellants, however, appear to have abandoned this issue. *See* Appellants' Br. ¶ 32, ECF No. 4 ("The parties here have focused their debate on whether the cause of action here (the disputed plan modification) is the same as was before the court when the original Motion to Sell Homestead [sic]."). Alternatively, the Court notes that the conclusion of the Bankruptcy Court—that res judicata does not apply based on the absence of an objection to Appellants' homestead exemption— should be affirmed.

1046, 1054 (5th Cir. 1987)). Appellants do not attempt to distinguish *Shoaf* on appeal; instead, Appellants contend they were prejudiced by Appellee's delay in objecting to their retention of the proceeds. *See* Appellants' Br. 13, ECF No. 4. While Appellants may have truly believed that they would be able to retain their proceeds indefinitely (even absent reinvestment in a new homestead), this does not change the fact that the controlling law, § 41.001(c), provides that the exemption expires after six months. The Bankruptcy Court's order approving the sale did not clearly indicate a departure from the Texas Property Code and, for this reason, the Court affirms the decision of the Bankruptcy Court.

## V.

Based on the foregoing, the Court **AFFIRMS** the Bankruptcy Court's order denying Appellants' proposed plan modification and **DISMISSES** this appeal. The Clerk of Court is directed to prepare, sign, and enter judgment in accordance with this Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure.

**SO ORDERED** on this **2nd day** of **April, 2014**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

12